NOTES—INDORSEMENT AFTER DATE OF PAYMENT—INDORSER—DEMAND AND NOTICE—INSOLVENCY OF MAKER.

If a promissory note, payable at a certain day, be indorsed and passed away after its day of payment, it is then a note payable on demand, and demand and notice are necessary to charge the indorser, although he knew the maker to be insolvent at the time he indorsed it.

Assumpsit [by David Stewart] against [Robert French] the indorser of W. A. R.'s note for $150, at sixty days, dated July 16, 1819, indorsed by the defendant, to the plaintiff, on the 16th of October, 1819, in part payment for a gig valued at $300.

Upon the trial of this cause at the last term (Cranch, C. J., absent) the court instructed the jury: "That if the note was passed to the plaintiff, after the same was at maturity, for a full and valuable consideration, the holder was bound to make demand of payment of the same, of the drawer, in a reasonable time after the same was so passed, and to give notice of nonpayment to the defendant, the indorser, unless the jury should believe, from the evidence, that the said defendant practised a deception on the plaintiff in so passing the said note, after it was at maturity, or, that it was known to the defendant that the said W. A. R., the drawer, was insolvent." The verdict being for the plaintiff,

Mr. Dunlop, for defendant, moved for a new trial, on the ground of misdirection of the jury by the court, and cited Farnum v.

Fowle, 12 Mass. 89; Sanford v. Dillaway, 10 Mass. 52–54; Berry v. Robinson, 9 Johns. 121; and Chit. Bills (New Ed.) 274, in a note.

Mr. Ashton, for plaintiff, contended that the plaintiff had a right to recover for the balance of the purchase money covered by the note, which was of no value, upon the count for goods sold and delivered.

THE COURT (THRUSTON, Circuit Judge, absent) granted a new trial.